IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRETT MORGAN CRANE,

    Petitioner,               No. 2:09-cv-0983 MCE KJN P

    vs.

DOMINGO URIBE, Jr., Warden, et al.,

    Respondent.          ORDER

                              /

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  The case is fully briefed and submitted for decision by this court.  However, on September 23, 2010, petitioner moved to stay this action while he exhausts a new and related claim in state court.

        Petitioner's currently-briefed claims include his assertion that the prosecutor, John Quinn, relied on the perjured testimony of the State's lead witness, Kristopher Day, despite Quinn's knowledge or reasonable basis for knowing that the testimony was false, and that such testimony was material to plaintiff's 2005 conviction.  (Petition, Ground Two (Dkt. No. 1, at 4, 18-39).)  Petitioner now states that on August 26, 2010, Kristopher Day was sentenced by the Siskiyou County Superior Court to two years on a criminal conviction "that he and the prosecutor testified that Day was going to do five years in prison on."  (Dkt. No. 33, at 2.)  Petitioner states

1

1  that "Day . . . testified that he had not gotten a deal on his criminal case in exchange for testifying
2  against petitioner." (Id.) Petitioner seeks to exhaust this "additional, newly discovered, ground
3  and facts in the State Court." (Id. at 1.) Petitioner's motion rests on the principle that "a
4  conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must
5  be set aside if there is any reasonable likelihood that the false testimony could have effected the
6  judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976) (fns. omitted).

7  Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to
8  grant a stay and abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure
9  to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no
10 indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544
11 U.S. at 278. The Supreme Court made clear, however, that because staying a federal habeas
12 petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay
13 the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal
14 habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state
15 court, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S.
16 at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the
17 unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed
18 indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to
19 exhaust additional claims. Id. at 277-78.

20 The court will seek additional briefing on this matter before assessing petitioner's
21 motion. Accordingly, IT IS HEREBY ORDERED that:
22 1. Respondent shall, within fourteen days of the filing date of this order, file an
23 opposition or statement of non-opposition to petitioner's motion; and
24 ////
25 ////
26 ////

1        2. Petitioner may file a reply within fourteen days of service of respondent's
2  briefing.
3        SO ORDERED.
4  DATED: September 29, 2010

8                           KENDALL J. NEWMAN
                           UNITED STATES MAGISTRATE JUDGE
9  cran0983.ord