IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRETT MORGAN CRANE,

    Petitioner,                  No. 2:09-cv-0983 MCE KJN P

    vs.

DOMINGO URIBE, Jr., Warden,

    Respondent.               ORDER

                            /

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. On September 29, 2010, this court sought further briefing on petitioner's motion for a "stay and abeyance" of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Respondent has filed a statement of non-opposition, construing petitioner's request "as seeking to add another fact in support of Ground Two presented in the habeas petition, that is, Petitioner's claim that the prosecutor knowingly used false testimony of a witness in violation of Napue v. Illinois, 360 U.S. 264 (1959)." (Statement of Nonopposition (Dkt. No. 35, at 1-2).) Petitioner agrees with this construction and has submitted additional briefing in support of his motion. (Motion & Reply (Dkt. Nos. 33, 37).)

        Under Rhines, a district court has discretion to grant a stay and abeyance if: (1) petitioner has good cause for his failure to exhaust the claim he now seeks to add, (2) the

1

unexhausted claim is potentially meritorious, and (3) there is no indication that petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278. However, because staying a federal habeas petition frustrates the objective of the Antiterrorism and Effective Death Penalty Act ("AEDPA") requiring that a petitioner exhaust all of his claims in state court before filing in the federal court, a stay and abeyance "should be available only in limited circumstances." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. In addition, if a stay is granted, it should not be indefinite; instead, reasonable time limits should be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Petitioner's fully-briefed claims include his assertion that the prosecutor, John Quinn, relied on the perjured testimony of his lead witness, Kristopher Day, to convict petitioner, despite Quinn's knowledge, or reasonable basis for knowing, that Day's testimony was false. (Petition, Ground Two (Dkt. No. 1, at 4, 18-39).) Petitioner alleges that Day testified that he was not "getting a deal" for his testimony against petitioner, and anticipated a five-year term for his role in the underlying charges.[1] However, on September 11, 2010, petitioner obtained a printout from the Siskiyou County Superior Court which indicated that Day had been sentenced on August 26, 2010, to only a two-year term. Perceiving this as further evidence of a "deal" between Quinn and Day, petitioner filed the instant motion on September 23, 2010, and filed a new petition in the California Supreme Court on September 28, 2010, requesting expedited review, in order to exhaust the claim.

Petitioner has satisfied the Rhines criteria for granting a stay and abeyance. As petitioner contends, he could not previously have exhausted this aspect of his claim, and he has acted expeditiously in state and federal court to pursue the claim. In addition, these alleged new

---

[1] Petitioner states that Day falsely testified that petitioner had confessed to him that petitioner had burglarized the subject computer store and knew that the property in the subject storage unit was stolen; Day also testified, allegedly falsely, that Day did not have a key to the storage unit.

2

facts may potentially strengthen petitioner's Ground Two claim, particularly based on petitioner's assertions that Quinn prosecuted both petitioner and Day, and that Quinn stipulated to the disposition of the case against Day. (Dkt. No. 37, at 3.)

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay this action (Dkt. No. 33) is granted;

2. This action is stayed pending exhaustion of state remedies as to petitioner's argument that the trial prosecutor knowingly elicited and relied on the false testimony of Kristopher Day, as set forth, and currently pending, in petitioner's petition for a writ of habeas corpus filed September 28, 2010, in the California Supreme Court, Case No. S186812;

3. Petitioner is directed to file in this court, within thirty days after the California Supreme Court issues a final order resolving the above-noted claim, a motion to lift the stay and to file an amended petition for writ of habeas corpus, as well as a proposed Amended Petition;

4. Petitioner is cautioned that failure to timely comply with this order may result in the denial of his motion to amend; and

5. The Clerk of the Court is directed to administratively close this case.

SO ORDERED.

DATED: October 22, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cran0983.stay