IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRETT MORGAN CRANE,

    Petitioner,　　　　　　　　　　No. CIV S-09-983 MCE CHS

    vs.

DOMINGO URIBE, JR., Warden,

    Respondent.

ORDER

        Crane, a state prisoner, proceeds pro se with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Crane seeks an order appointing counsel and permitting counsel to conduct discovery and expand the record accordingly.

        There currently exists no absolute right to appointment of counsel in habeas corpus proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). "[I]f the interests of justice so require," however, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case. *See* Rule 8(c), Fed. R. Governing § 2254 Cases.

        In addition, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing §2254 Cases, a party is entitled to discovery "if,

1

and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so...." Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at 908-09.

Importantly, however, the United States Supreme Court recently held that federal habeas corpus review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Although *Pinholster* dealt specifically with evidentiary hearings and did not directly address the scope of discovery under Rule 6(a) of the Rules Governing § 2254 Cases, district courts have relied on the case to limit discovery in connection with petitions for habeas corpus relief. *See*, *e.g.*, *Sok v. Substance Abuse Treatment Facility*, 2011 WL 1930408, *2 (E.D. Cal.) (finding no basis to permit discovery because, "pursuant to *Pinholster*," the court was "limited to reviewing only the record that was before the state courts").

Crane fails to demonstrate good cause to conduct discovery. It further appears that the interests of justice do not require the appointment of counsel at this time. Accordingly, his June 8, 2011 motion to appoint counsel and conduct discovery and expand the record is hereby DENIED.

IT IS SO ORDERED.

DATED: December 2, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE